UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:21-cr-158-PGB-DCI
     18 U.S.C. § 1343
KELLY ANN RITO   18 U.S.C. § 1028A
    a/k/a Kelly A. Rito Higgins

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**
**(Wire Fraud)**

A. **Introduction**

At times material to this Information:

1. Regions Bank was a national financial institution headquartered in Birmingham, Alabama.

2. KELLY ANN RITO was employed as the Human Resources Manager for an automobile dealership located in Orlando, Florida (the "Orlando dealership").

## B. The Scheme and Artifice

3. Beginning on or about September 28, 2018, and continuing through on or about November 13, 2020, in the Middle District of Florida, the defendant,

KELLY ANN RITO,

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire communication in interstate commerce of any writings, signs, signals, pictures, and sounds.

## C. The Manner and Means of the Scheme and Artifice

4. The manner and means by which KELLY ANN RITO sought to accomplish the scheme and artifice included, among others:

    a. It was a part of the scheme and artifice that between May 2019 and November 2020, defendant KELLY ANN RITO would and did cause funds belonging to the Orlando dealership to which the defendant was not entitled to be deposited into a Regions Bank checking account ending in 5468 belonging to the defendant (the "Regions account").

2

b. It was further part of the scheme and artifice that defendant KELLY ANN RITO would and did fraudulently disguise many of the deposits into the Regions account as payments to former employees who had recently left their employment with the Orlando dealership.

c. It was further part of the scheme and artifice that defendant KELLY ANN RITO would and did disguise some of the deposits into the Regions account as incentive payments to the defendant.

d. It was further part of the scheme and artifice that defendant KELLY ANN RITO would and did fraudulently increase the direct deposit amounts into the Regions account for her own salary by making unauthorized increases to her base salary in the payroll system used by the Orlando dealership.

e. It was further part of the scheme and artifice that defendant KELLY ANN RITO would and did fraudulently increase the direct deposit amounts into the Regions account for her own salary by making unauthorized decreases to her benefit payments withholdings by the Orlando dealership.

f. It was further part of the scheme and artifice that defendant KELLY ANN RITO would and did use the fraudulently obtained

deposits for her own benefit, and for the benefit of others, including for travel, hotel, beauty, clothing, restaurant, and theme park expenses.

      g.    It was further part of the scheme and artifice that defendant KELLY ANN RITO would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and artifice and the purpose of those acts.

### D. Interstate Wire Transmission

5.    On or about January 24, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**KELLY ANN RITO,**

for the purpose of executing the aforementioned scheme and artifice and attempting to do so, did knowingly and with intent to defraud, transmit and cause to be transmitted by wire communication in interstate commerce writings, signs, signals, pictures, and sounds, specifically an interstate wire transfer of $4,078.18 in the name of L.C. into a Regions Bank checking account ending in 5468 belonging to the defendant.

All in violation of 18 U.S.C. § 1343.

## COUNT TWO

On or about January 24, 2020, in the Middle District of Florida, and elsewhere, the defendant,

KELLY ANN RITO,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name of L.C., during and in relation to a felony violation of wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count One of this Information, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of $153,025.52, which sum represents the proceeds obtained from the violations.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

KARIN HOPPMANN
Acting United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division